14160

EX PARTE HANNON, *ET AL.*
DIXON *ET AL.* v. CUDD

(182 S. E., 309)

See also: 177 S. C., 153, 180 S. E., 873.

*Messrs. Evans, Galbraith & Holcombe,* for appellant,

*Mr. L. G. Southard,* for respondents,

November 6, 1935.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

On February 16, 1935, upon the verified petition of the appellant, J. N. Cudd, for whom a receiver had been appointed on December 5, 1931, an order was passed by the Circuit Court of Spartanburg County, authorizing him to employ an attorney of his own choosing to represent him in all the receivership matters; such attorney to be paid from funds brought into Court in the receivership proceedings. He chose the firm of Evans, Galbraith & Holcombe, of Spartanburg, who thereupon accepted the appointment. After these attorneys had served for some months, the receivers, upon proper notice, moved to vacate the order allowing Cudd to name personal counsel. Judge Sease, who heard the matter, granted the motion holding that the order of February 16th had been improvidently and improperly issued. From the vacating order dated June 21, 1935, this appeal is taken.

The Court is satisfied that Judge Sease, for the reasons stated by him, was entirely right in his conclusion that the order of February 16th should not have been issued, and we approve his action in vacating it. The

Circuit Judge finds as a matter of fact that "the assets can never bring enough to pay the debts," and that Cudd will not realize more than his homestead exemptions. In these circumstances, Cudd has nothing to complain of and will not be permitted to interfere with the orderly administration of the estate.

While we approve the vacation of the order, we are constrained to hold, however, as a matter of justice, that the attorneys who were chosen by Cudd and acted for him in good faith under the Court's order until it was vacated, should be compensated for any services they may have rendered in the receivership matters between February 16 and June 21, 1935, and the case is remanded with instructions that the Circuit Judge determine and fix whatever compensation he may find they are entitled to under a proper showing before him, and that he direct such compensation allowed by him, if any, to be paid these attorneys by the receivers out of the funds of the estate in their hands.

Subject to these instructions, the vacating order appealed from, which will be reported, is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.